# EXHIBIT 1

*1 0 4 8 0 7 7 3 3 6 *

# IN THE DISTRICT COURT IN AND FOR LOGAN COUNTY
## STATE OF OKLAHOMA

MARKS SHORT STOP INC.,

        Plaintiff,

v.

STATE AUTO PROPERTY AND
CASUALTY INSURANCE CO.,

        Defendant.

Case No. CJ. 2021. 7

## PETITION

COMES NOW Plaintiff, Marks Short Stop Inc. (hereinafter "Plaintiff"), and for its claims against Defendant, State Auto Property and Casualty Insurance Co. (hereinafter "State Auto"), hereby states as follows:

1.     Plaintiff is an Oklahoma corporation domiciled and incorporated under the laws of the State of Oklahoma, with its principal place of business located in Oklahoma.

2.     Defendant State Auto is a foreign for-profit insurance company incorporated under the laws of the State of Iowa, with its principal place of business in Ohio.

3.     The acts and omissions pertinent in this case occurred in Logan County, Oklahoma.

4.     Plaintiff's claims against the Defendant, State Auto, are in excess of the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code.

5.     This Court has jurisdiction over these parties and this subject matter and venue is proper herein.

6.     For many years preceding the claim at issue, Plaintiff purchased insurance from State Auto to provide coverage for the commercial property located at 2915 E Waterloo Rd, Edmond, OK 73034. Plaintiff's insured property is located in Logan County, Oklahoma.

7.     Defendant State Auto issued the Businessowners Policy No. BOP 2678307 06 to the Plaintiff.

8.     At all times material hereto, Plaintiff was insured under State Auto Policy No. BOP 2678307 06.

9.     State Auto represented to the Plaintiff that it would conduct itself in accordance with Oklahoma law and would fully and fairly investigate and pay claims. Plaintiff relied on said representations.

10.     Plaintiff's property, which was insured by the subject Businessowners Policy, was significantly damaged as the direct result of windstorm/hail events during policy period(s) in which State Auto insured Plaintiff's property.

11.     Plaintiff submitted a claim to State Auto for damage due to windstorm/hail, made the premises available for inspection by State Auto's adjusters, cooperated in the limited investigation that State Auto performed and otherwise complied with all conditions precedent to recovery under the subject insurance policy.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

13.     Plaintiff entered into a contract of insurance with Defendant State Auto to provide replacement cost coverage for the property located at 2915 E Waterloo Rd,

Edmond, OK 73034. At all relevant times the Businessowners Policy No. BOP 2678307 06 with Defendant State Auto was in full force and effect.

14.    Plaintiff provided proper and timely notice to Defendant State Auto of its claim for all covered damages resulting from windstorm/hail during the policy period.

15.    Plaintiff has in all material ways, complied with the terms and conditions of the policy.

16.    Defendant State Auto, however, has breached its contractual obligations under the terms and conditions of the insurance contract with Plaintiff by failing to pay Plaintiff all benefits to which it is entitled under the terms and conditions of the policy.

17.    As a result of Defendant State Auto's breach of contract and other wrongful conduct, Plaintiff has sustained financial losses and has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

## SECOND CAUSE OF ACTION
## BAD FAITH

Plaintiff adopts and re-pleads paragraphs 1 through 17 above, and for his claim against Defendant State Auto further alleges as follows:

18.    Defendant State Auto owed a duty to Plaintiff to deal fairly and in good faith.

19.    Defendant State Auto breached its duty to deal fairly and in good faith by engaging in the following acts and omissions:

a.    failing and refusing payment and other policy benefits for the covered property damage sustained by Plaintiff in accordance with the terms and

conditions of its insurance policy at a time when State Auto knew that Plaintiff was entitled to those benefits;

b.     failing to fairly and reasonably investigate Plaintiff's claim and to obtain additional information both in connection with State Auto's initial refusal and following the receipt of additional information;

c.     purposefully, wrongfully and repeatedly withholding pertinent benefits, coverages and other provisions due Plaintiff under the terms and conditions of the insurance policy in violation of the Unfair Claims Settlement Practices Act, 36 O.S. §§ 1250.1-1250.16;

d.     refusing to honor Plaintiff's claim in some instances by knowingly misconstruing and misapplying provisions of the policy;

e.     forcing Plaintiff to retain counsel to recover insurance benefits to which it was entitled under the terms and conditions of the insurance contract;

f.     forcing Plaintiffs to bring suit to secure policy benefits to which they were entitled under the terms and conditions of the insurance contract;

g.     engaging in an outcome-based investigation of Plaintiff's claim designed to deny Plaintiff's claim;

h.     not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim once liability had become reasonably clear;

i.     failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under the policy, to include Plaintiff's claim;

4

j.      failing to conduct a fair and objective investigation of the damage to Plaintiff's property;

k.      refusing to consider the reasonable expectations of the insured;

l.      ignoring covered damage which State Auto knows occurred while it insured Plaintiff's property;

m.      utilizing biased vendor(s) designed to deny Plaintiff's claim;

all in violation of the implied covenant of good faith and fair dealing and resulting in financial benefit to State Auto.

20.      Defendant State Auto's obligations arise from both the express written terms of the policy and the Oklahoma Insurance Code. State Auto's failure to implement and/or follow Oklahoma's statutory Insurance Code constitutes bad faith.

21.      The conduct of State Auto, as described above, constitutes bad faith and is a material breach of the terms and conditions of the insurance contract between the parties.

22.      As a direct result of State Auto's bad faith, Plaintiff's claim was unnecessarily delayed, inadequately investigated, and wrongfully denied. Said actions resulted in additional profits and financial windfall for State Auto.

23.      As a result of Defendant State Auto's conduct, Plaintiff has sustained financial losses and has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

24.      Defendant State Auto's conduct was intentional, willful, malicious and in reckless disregard of the rights of Plaintiff and is sufficiently egregious in nature so as to warrant the imposition of punitive damages.

5

25.     Plaintiff further alleges State Auto enjoyed increased financial benefits and ill-gotten gains as a direct result of the wrongful conduct described above herein, which resulted in the injury to Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendant, State Auto, both for compensatory and punitive damages, in an amount in excess of $75,000.00, with interest and costs of this action, for a reasonable attorney fee, and for such other relief as may be appropriate.

MILLER JOHNSON JONES
ANTONISSE & WHITE, PLLC

By:     _____

Brad Miller, OBA #11437
J. Logan Johnson, OBA #12722
Weston H. White, OBA #21863
Shawna L. Landeros, OBA #31637
500 NW 6th Street, Suite 300
Oklahoma City, OK 73102-1219
Telephone: (405) 896-4388
Fax: (405) 609-2995
bmiller@mjjaw.com
ljohnson@mjjaw.com
wwhite@mjjaw.com
slanderos@mjjaw.com
*Attorneys for Plaintiff*

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**